UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marie Therese N. Fonchenela, | Case No. 19-cv-2774 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Wal-Mart Stores, Inc. and Ashley Augustine, | |
| Defendants. | |

Michael A. Fondungallah, Fondungallah & Kigham, LLC, 2499 Rice Street, Suite 145, St. Paul, MN 55113 (for Plaintiff); and

Minhquang Trang and Stephanie D. Sarantopoulos, Little Mendelson P.C., 1300 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 (for Defendants).

This matter is before the Court on attorney Michael Fondungallah's "Counsels [sic] Motion to Withdraw as Attorney for Plaintiff" (ECF No. 64) and Plaintiff's "Application to change my attorney in Case number: 19-cv-2774 (DWF/TNL)" (ECF No. 69). A hearing was held on May 14, 2021. (ECF No. 83.) Attorney Fondungallah appeared and argued the motion. Defendants appeared at the hearing through their attorney Stephanie D. Sarantopoulos and voiced no objection to the motion, but otherwise did not participate in the motion. Plaintiff Marie Therese N. Fonchenela did not formally respond to Attorney Fondungallah's motion but did file her request (ECF No. 69) and appeared at the hearing.

1

Plaintiff's request was withdrawn, and the Court granted Attorney Fondungallah's motion on the record during the hearing. (ECF No. 83.) This Order memorializes the findings made orally on the record.

## I. BACKGROUND

Attorney Fondungallah has moved to withdraw as counsel in this matter for Plaintiff pursuant to D. Minn. Local Rule 83.7(c). Further procedural history of this motion and Plaintiff's request to change her attorney can be found in the Court's previous orders.[1] (*See* ECF No. 75 at 1-2 & ECF No. 77 at 1-3.) At the hearing, the Court excused counsel for Defendants and sealed the record in order to explore the basis for the motion in greater detail.

## II. ANALYSIS

### A. Attorney Fondungallah's Motion

Under District of Minnesota Local Rule 83.7(c), withdrawal of counsel in the absence of substitute counsel may only be allowed upon a motion and a showing of "good cause." "What constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw."

---

[1] Notably, Plaintiff had previously suggested to Attorney Fondungallah and the Court that she already had a new attorney to represent her in this matter. (*See* ECF Nos. 66 at 2; ECF No. 69 at 2; ECF No. 71 at 1.) Notwithstanding these statements, however, Plaintiff filed a request with the Court for additional time to have her new attorney contact the Court and file a notice of appearance. (ECF No. 76.) Prior to the motion hearing, the Court ordered Plaintiff to identify her attorney no later than May 4, 2021. (*See* ECF No. 77 at 4.) Plaintiff did forward a letter to the Court regarding new representation. (*See* ECF No. 79 (sealed due to its confidential nature).) As of the date of the hearing on Mr. Fondungallah's motion, however, no notice of appearance had been filed. Further, it appears that Plaintiff has filed her own responses to interrogatories on the record. (*See* ECF No. 70.) Plaintiff stated during the hearing that she has not secured a new attorney to represent her in this case.

*Cabo Holdings, LLC v. Englehart*, No. 07-cv-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008) (citing *Spearman v. Salminen*, 379 N.W.2d 627, 632 (Minn. Ct. App. 1986)); *accord Int'l Decision Sys., Inc. v. Cont'l First Fed., Inc.*, No. 08-cv-4961 (DWF/JJK), 2009 WL 10471192, at *1 (D. Minn. June 29, 2009). Good cause for withdrawal has been found "where there has been a 'complete breakdown in the attorney-client relationship.'" *BBY Solutions, Inc. v. Karreman*, No. 10-cv-4726 (MJD/TNL), 2012 WL 12897874, at *1 (D. Minn. Oct. 12, 2012) (quoting *Luiken v. Domino's Pizza LLC*, No. 09-cv-516 (DWF/AJB), 2009 WL 4723296, at *3 (D. Minn. Dec 2, 2009)); *see also Cabo Holdings*, 2008 WL 4831757, at *4 (noting good cause exists "where a degree of fractiousness, between the client and counsel, has developed which inhibits the just, speedy, and inexpensive determination of the action" (quotation omitted)).

Based on the record before the Court and the representations of attorney Fondungallah during the *in camera* portion of the hearing, which representations the Court finds credible, there has been a complete breakdown in the attorney-client relationship. Accordingly, the Court concludes that there is good cause for withdrawal without substitution and Attorney Fondungallah's motion to withdraw is granted. The irretrievable differences between Attorney Fondungallah and Plaintiff have rendered impossible continuation of their attorney-client relationship. Attorney Fondungallah and the law firm of Fondungallah & Kigham, LLC are no longer counsel of record for Plaintiff.

Attorney Fondungallah shall serve a copy of this Order upon Plaintiff via mail and e-mail along with a copy of the Pretrial Scheduling Order (ECF No. 51). **Attorney**

**Fondungallah shall file an affidavit with the Court no later than May 28, 2021, detailing the efforts to serve Plaintiff with these documents.**

**The Court urges Ms. Fonchenela to obtain new counsel immediately, and to notify this Court of such as soon as possible. The Pretrial Scheduling Order sets forth the pending deadlines in this matter and Ms. Fonchenela is cautioned that she is subject to those deadlines just as any attorney would be.** *See infra* Section II.B. **Ms. Fonchenela is further cautioned that a failure to prosecute this action, comply with all applicable rules, or abide by the Court's orders may result in dismissal of this matter under Rule 41(b). Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").**

### B. Plaintiff's Request

During the hearing, Plaintiff stated that she wanted Attorney Fondungallah to continue representing her in this matter. The Court interpreted this statement as a request to withdraw her request. Plaintiff's request is therefore withdrawn.

The Court notes again that, notwithstanding Plaintiff's withdrawn request and statements during the hearing, the Court has granted Attorney Fondungallah's motion. Plaintiff is now pro se in this matter.

Plaintiff is reminded going forward that her pro se status does not relieve her of her obligation to comply with court orders and the Federal Rules of Civil Procedure. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple

requirements of discovery."); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Plaintiff is likewise cautioned that a failure to comply with the Federal Rules or court orders, or failure to prosecute her case could result in its dismissal. *See* Fed. R. Civ. P. 41(b); *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006).

Lastly, while the Court has recently communicated with Plaintiff via e-mail and has received numerous pieces of mail from Plaintiff where she lists her address, the Court reminds Plaintiff it is her responsibility to update the Court of any future change of address.

### III. ORDER

Based on the foregoing, and the file, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Attorney Fondungallah's "Counsels [sic] Motion to Withdraw as Attorney for Plaintiff" (ECF No. 64) is **GRANTED**.

2. Plaintiff's "Application to change my attorney in Case number: 19-cv-2774 (DWF/TNL)" (ECF No. 69) is **WITHDRAWN**.

3. Attorney Fondungallah shall serve a copy of this Order and the Pretrial Scheduling Order upon Plaintiff via mail and e-mail. **Attorney Fondungallah shall file an affidavit with the Court no later than May 28, 2021, detailing the efforts to serve Plaintiff with these documents.**

4. The Clerk of Court shall update Plaintiff's contact information as follows:

   Marie Therese N. Fonchenela
   7190 Silver Lake Road
   Apartment 202
   Mounds View, MN 55112

5

(612) 458-3738
nelaprincess33@gmail.com

The Clerk of Court shall also send to Plaintiff copies of this Order, the Pretrial Scheduling Order, and the Court's Pro Se Civil Guidebook, a resource for litigants representing themselves in federal court.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May  17 , 2021          *s/Tony N. Leung*
                              Tony N. Leung
                              United States Magistrate Judge
                              District of Minnesota


                              *Fonchenela v. Wal-Mart Stores, Inc., et al.*
                              Case No. 19-cv-2774 (DWF/TNL)